44

United States District Court
Southern District of Texas
ENTERED

JAN 25 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| VS | * | C.A. NO.B-94-287 |
| BENITO S. VASQUEZ, ET AL | * | |

## MEMORANDUM OPINION AND ORDER

By a Memorandum Opinion and Order signed on January 29, 1997 and entered on February 3, 1997 (Docket Entry No. 35), the Court adopted the Magistrate Judge's Report and Recommendation as it pertained to BENITO and ESPERANZA VASQUEZ and authorized judgments to be entered against them. The Court then rejected the Report and Recommendation as to GLORIA SALINAS, granted the Government's Summary Judgment Motion and authorized the entry of a judgment against her.

Gloria Vasquez moved for reconsideration of that Memorandum Opinion and Order as it pertained to her, claiming inadequate notice of the entry of the Memorandum Opinion and Order, lack of knowledge that the U.S. had objected to the Report and



ClibPDF - www.fastio.com

Recommendation as to her and that the Memorandum Opinion and Order improperly rejected her testimony before the Magistrate Judge who had evaluated her credibility.

Having now considered that motion for reconsideration (filed the same date as the Final Judgment, February 12, 1997, which judgment had been entered without knowledge of the existence of the motion), the motion is DENIED. The granting the Government's Motion for Summary Judgment against Defendant Salinas did not depend upon Defendant Salinas' testimony, but on the summary judgment record. Defendant Salinas' response to the summary judgment motion and her inadequate responses to the discovery the Government had sought, clearly established that Defendant Salina's mother and father transferred the subject property to her without consideration (as the father has admitted), and in an attempt to frustrate any attempt by the IRS to obtain payment for taxes due and owing.

Having considered the Defendant's Motion for Reconsideration, the Court denies the same and refuses to vacate either the Memorandum Opinion and Order or the subsequently entered judgment.

On February 21, 1997, Defendant Salinas filed an "Emergency Motion for Reconsideration of the Court's Order of February 12, 1997" (the judgment). The Court having now become aware of the



ClibPDF - www.fastio.com

Motion for Reconsideration filed on February 12, 1997, ordered the Government to respond (Docket entry #39). The response rebutted Defendant Salinas' arguments. Both for the reasons stated with regard to the denial of Defendant Salinas' Motion for Reconsideration and the reasons stated in the Government's Response to the "Emergency Motion for Reconsideration of the Court's Order of February 12, 1997," the Emergency Motion is DENIED.

Still pending is the Government's Motion for an "Order of Foreclosure and Sale." Because Defendant Salinas may well have thought it inappropriate to respond to that motion while a different motion is pending (which has now been ruled upon), Defendant Salinas shall have 15 days from the date hereof to respond to said foreclosure and sale motion.

**SO ORDERED.**

DONE at Brownsville, Texas, this 24th day of ~~December~~ January ~~1999~~ 2000.

[signature] 1/24/00

Stewart A. Newblatt
United States District Judge
Acting on Assignment



ClibPDF - www.fastio.com